## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CURTIS R. FOOTE,            )
                                      )
         **Petitioner**      )
                                      )
**vs.**                         )     **Case No. CIV-05-511-L**
                                      )
**RON WARD,**               )
                                      )
         **Respondent**    )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order by United States District Judge Tim Leonard, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). After the response to the original petition was filed, Petitioner amended to add an additional claim. Respondent has moved to dismiss the additional claim, and Petitioner has responded. Thus, the matter is at issue and ready for disposition. For the following reasons, the undersigned recommends that the motion to dismiss the newly-added claim be denied.

By this action, Petitioner challenges his convictions following his plea of no contest to charges of first degree burglary, intimidation of a witness and domestic abuse assault and battery. Case No. CF-2002-215, District Court of Grady County.[1] Petitioner appealed, and, except as noted in note 1 below, the Oklahoma Court of Criminal Appeals

---

[1]The details of Petitioner's convictions are taken from the Summary Opinion Denying Petition for Writ of Certiorari, which he has attached to his petition. Petition, Ex. A (Case No. C-2003-845, Oklahoma Court of Criminal Appeals, May 26, 2004) (the certiorari appeal procedure applicable to appeals from pleas of no contest are part of the direct appeal process under Oklahoma law, see York v. Galetka, 314 F.3d 522, 526 (10th Cir. 2003)). Petitioner's conviction for threatening an act of violence was reversed on appeal to the Oklahoma Court of Criminal Appeals with an instruction to the trial court to dismiss that count.

affirmed Petitioner's convictions on May 26, 2004.  Case No. C-2003-845, Oklahoma
Court of Criminal Appeals (attached to Petition as Exhibit A).  Petitioner did not file any
applications for state post-conviction relief.  Petitioner filed this federal habeas action on
May 9, 2005, raising four grounds for relief.  Petitioner moved to amend his petition on
July 29, 2005,  and that unopposed motion was granted on August 19, 2005, and
Petitioner was directed to file his amended petition on or before September 9, 2005.
Petitioner did not file his amended petition by that deadline, but on September 26, 2005,
moved for leave of Court to file the amended petition out of time.  For good cause shown,
leave was granted and an amended petition adding a fifth ground for relief was filed on
September 26, 2005.

## II. DISCUSSION

As noted above, Petitioner moved the Court for leave to file an amended petition
to add a fifth ground in support of his claim for habeas relief, and although leave was
granted to file the amendment, it is Respondent's position that the claim raised in the
amended petition is untimely under the Antiterrorism and Effective Death Penalty Act
of 1996 (AEDPA).[2]  Motion to Dismiss, p. 5.  In particular, Respondent claims that the
time for filing Petitioner's federal habeas action expired on August 24, 2005, and that the
amended petition adding Petitioner's fifth ground for relief based upon ineffective
assistance of counsel was thus filed over one month late.  Motion to Dismiss, p. 6.  The
AEDPA sets forth a one-year period of limitations for habeas petitioners who are in state
custody.  The statute provides in pertinent part:

---

[2]Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

2

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above. Preston v. Gibson, 234 F. 3d 1118, 1120 (10th Cir. 2000). In this case, Petitioner's conviction became final on August 24, 2004, ninety days after the Oklahoma Court of Criminal Appeals rendered its decision following his appeal from his convictions. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (one-year statute of limitations begins to run from date United States Supreme Court denies review of petition for writ of certiorari, or if no petition is filed, after ninety-day period for filing petition has expired; see York v. Galetka, 314 F.3d 522, 526 (10th Cir. 2003) (certiorari appeal procedure applicable to appeals from pleas generally considered part of the direct

appeal process under Oklahoma law).  Thus, as argued by Respondent, the limitations period under the AEDPA ended on August 24, 2005.

Petitioner does not take issue with these dates.  Instead, he argues that he was given leave to file his amended complaint under the  Federal Rules of Civil Procedure and that his amendment is timely.  Petitioner's Rebuttal, p. 2.   He also argues that although the amended complaint was not filed until after the AEDPA limitation period had expired, he "attempted" to file it "well within his statutory year." Petitioner's Rebuttal, p. 6.  Alternatively, he argues that he is entitled to equitable tolling of the limitation period.

At the outset, the undersigned notes that Petitioner is correct regarding the applicability of Fed.R.Civ.P. 15, however, federal habeas actions are also governed by another "discrete set of Rules...."  Mayle v. Felix __, U.S. __, __, 125 S.Ct. 2562, 2569 (2005).  In Mayle, the petitioner timely alleged that his conviction violated the Fifth Amendment because videotaped statements of a witness were played for the jury in violation of his right to confront the witness. Id. at 2566. However, five months after the one-year limitation imposed under the AEDPA expired, he moved to amend his petition to add another claim regarding his own pretrial statements to the police. Id. The magistrate judge denied the amendment, reasoning the claim did not relate back because the "allegedly involuntary statements to police did not arise out of the same conduct, transaction, or occurrence as the videotaped interrogation of [the] prosecution witness...." Id. at 2568.  The magistrate judge also found that it did not suffice that the petitioner's Fifth and Sixth Amendment claims attacked the same criminal conviction. Id. The

district court then adopted the magistrate judge's recommendation, and dismissed the petitioner's claim. Id. On appeal, however, the Ninth Circuit Court of Appeals reversed the district court, finding that the petitioner's "trial and conviction in state court" constituted a "transaction" within the meaning of Fed.R.Civ.P. 15(c)(2). Id.

The United States Supreme Court reversed, and in reaching its holding, stressed that "[in interpreting Fed.R.Civ.P. 15(c)(2)'s relation back provision in this context,] the key words are conduct, transaction, or occurrence." 125 S.Ct. at 2570. The Court further reasoned:

> Habeas Corpus Rule 2(c) ... instructs petitioners to specify all available grounds for relief and to state the facts supporting each ground. Under that rule, [the defendant's] Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim. Each separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an "occurrence." [The defendant's] approach, the approach that prevailed in the Ninth Circuit, is boundless by comparison. A miscellany of claims for relief could be raised later rather than sooner and relate back, for "conduct, transaction, or occurrence" would be defined to encompass any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. An approach of that breadth ... views "occurrence" at too high a level of generality.

125 S.Ct. at 2573 (quotation marks and citation omitted). Relation back, the Court explained, is only allowable "when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Id. at 2571 (citation omitted).  To define "common core of operative facts" as simply the same trial conviction or sentence, would be "meaningless in the habeas context."  Id. at 2574. "If claims asserted after the one-year period could be revived simply because they relate to the same

trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." <u>Mayle</u>, 125 S.Ct. at 2573-74.

Thus, in light of <u>Mayle</u>, the question presented is whether Petitioner's newly-added claim is of the same "time and type" as the four claims he presented in his original petition. The undersigned finds that it is not. In Petitioner's First Ground in support of habeas relief, he alleges that his convictions should be vacated because he did not actually enter a plea of no contest. Petition, p. 6. In his Second Ground, Petitioner claims that it was error to sentence him as an habitual offender because no prior convictions were alleged or proved. Petition, p. 8. In his Third Ground for relief, Petitioner claims that his convictions for intimidation of a witness, threatening acts of violence, and assault and battery constitute "double jeopardy and double punishment." Petition, p. 10. Finally, in Ground Four, Petitioner claims that his conviction for intimidating a witness should be vacated because the act alleged, forcing someone to write a letter, is not an attempt to force a witness to alter her testimony. Petition, p. 10a.

Petitioner's fifth, and newly-added claim is that he was denied effective assistance of counsel in that "evidence will [be] pointed out that the chief prosecution witness being a jealous wife and fabricate these criminal charges against this petitioner and use her law enforcement background in influencing the others to believe her jealous boy-friend story." Amendment to Petition, p. 1-2. It is Respondent's position that these allegations "bear no relation to the facts alleged in the original Petition." Brief in Support of Motion to Dismiss, p. 5. Respondent further claims that all the allegations in the original petition involve occurrences on April 28, 2003, the date Petitioner entered his plea, and that the

allegations in the amendment involve a different time period and arise from a different core of operative facts.  Id.

In Petitioner's response, he claims that his amendment qualifies for relation back because he told his trial counsel on April 28, 2003, that he intended to exercise his rights to prove his actual innocence, but that trial counsel refused to investigate and refute the factual basis for any plea.  Petitioner's Rebuttal, p. 3.  However, he also claims that his allegations relate to his counsel's failure to raise the fabrication issue in a motion to withdraw Petitioner's guilty plea on June 16, 2003.  Petitioner's Rebuttal, p. 7. Putting aside the date issue, Petitioner never directly addresses whether his newly-added claim is of the same type as the four grounds raised in the original federal habeas petition. He seems to instead argue that it is of the same type as the ineffective assistance claim raised on *direct appeal*.  See Petitioner's Rebuttal, p. 5.  However, that is obviously not the relevant issue.

In point of fact, none of the four claims raised in the original petition even remotely relate to ineffective assistance of trial counsel, or for that matter, to the fabrication of evidence by any of the witnesses against him.  Even if the issues raised in Petitioner's direct appeal were relevant, the ineffective assistance of counsel claim raised by Petitioner on direct appeal was that trial counsel failed to raise the issues of failure to have a plea actually entered, double jeopardy, and insufficient evidence of witness intimidation in his motion to withdraw Petitioner's no contest plea.  See Response to Petition for Writ of Habeas Corpus, Ex. A p. 16 (Brief of Petitioner, Case No. C-2003-845, Oklahoma Court of Criminal Appeals).   There is no allegation that counsel was

ineffective for failing to investigate his claim of actual innocence based upon fabrication

of the incident in question. Accordingly, the undersigned finds that Petitioner's newly-

added claim is not of the same type as those raised in the original petition, and so it does

not relate back under Fed.R.Civ.P. 15(c)(2).

## II.  EQUITABLE TOLLING

Although the newly-added claim is not of the same time and type as those

contained in the original petition, and so cannot relate back under Fed.R.Civ.P. 15(c)(2),

the undersigned must also consider Petitioner's alternative argument that the limitations

period should be equitably tolled.  In <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir.1998),

the Tenth Circuit held that § 2244(d) is not jurisdictional, but rather is subject to

equitable tolling. "In determining whether equitable tolling is appropriate, we recognize

that '[d]ismissal of a first federal habeas petition is a particularly serious matter, for that

dismissal denies the petitioner the protections of the Great Writ entirely, risking injury

to an important interest in human liberty.'" <u>Burger v. Scott</u>  317 F.3d 1133, 1141 (10th

Cir. 2003) (quoting <u>Lonchar v. Thomas</u>, 517 U.S. 314, 324 (1996)).

Although never squarely addressing the issue of whether equitable tolling is

applicable to the AEDPA limitation period, the Supreme Court has had occasion to

comment on the requirements for such tolling in a case in which all parties assumed the

doctrine applied: "Generally, a litigant seeking equitable tolling bears the burden of

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u> 125 S.Ct. 1807,

1814 (2005).  Tenth Circuit jurisprudence describes the circumstances where equitable

tolling is appropriate as "rare and exceptional." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000).  Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct or other uncontrollable circumstance prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. <u>Id.</u>  Simple excusable neglect is not sufficient.  <u>Id.</u>; <u>see also</u> <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir.2000) (equitable tolling is only available when inmate diligently pursues claims and demonstrates that failure to timely file caused by extraordinary circumstances beyond his control).

Even though equitable tolling is only available in rare and exceptional circumstances, the undersigned finds such circumstances to exist in this case.  First, as noted by Petitioner, he did move to amend his petition to add the claim in question almost one month before the expiration of the one-year period, and leave to amend was also granted prior to the AEDPA deadline.  Second, although the amended petition was not actually filed until after the AEDPA deadline had passed, the amended petition which was filed by Petitioner was identical to the one attached to the motion to amend, showing that the amended petition was already prepared and ready for filing prior to expiration of the deadline and giving notice of its contents to Respondent. Third, Petitioner did not initially seek an extension of time to file his amended petition, and appears to have thought that he submitted his original amended petition with his motion to amend.  Thus, he could have conceivably filed the amended petition – given the fact that it had already been prepared – were it not for the fact that the original amended petition had not

been submitted as he thought it had.  The Supreme Court has "indicated that equitable tolling may be applied where a court has led a particular plaintiff to believe that he or she had done all that is required under the circumstances." <u>Burger v. Scott</u>  317 F.3d 1133, 1142 (10th Cir. 2003) (citing <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 151 (1984)); <u>Cf.</u> <u>Carlile v. South Routt School Dist. RE 3-J</u>, 652 F.2d 981, 986 (10th Cir.1981) (in light of uncontested reliance on Court's unilateral tolling of the time within which to file complaint, order permitting filing must stand).

In summary, although Petitioner's amendment is untimely under the AEDPA, and does not relate back under Fed.R.Civ.P 15, as construed by <u>Mayle v. Felix</u>,  ___ U.S.__, 125 S.Ct. 2562, 2566 (2005), he is entitled to equitable tolling under the special facts and circumstances related above.  Accordingly, it is recommended that Respondent's motion to dismiss the amended petition be denied.

<u>**RECOMMENDATION**</u>

Based on the foregoing, it is recommended that Respondent's motion to dismiss the amended petition [Doc. No. 19] be denied, and that Respondent be directed to respond to the merits of the amended petition within twenty (20) days of any order adopting this Report and Recommendation. The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before February 13, 2006 in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. They are further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>,

950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 23rd day of January, 2006.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

11