## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS R. FOOTE,              ) | |
|                              ) | |
|        **Petitioner**         ) | |
|                              ) | |
| vs.                          ) | **Case No. CIV-05-511-L** |
|                              ) | |
| RON WARD,                     ) | |
|                              ) | |
|        **Respondent**         ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2254 seeking a writ of habeas corpus.  Pursuant to an order by United States District Judge Tim Leonard, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Responses to both the original and amended petitions have been filed, and Petitioner has replied to the response to the amended petition.  Thus, the matter is at issue and ready for disposition.   For the following reasons, it is recommended that the petition be denied.

By this action, Petitioner challenges his convictions following his plea of no contest to charges of first degree burglary, intimidation of a witness and domestic abuse assault and battery.  Case No. CF-2002-215, District Court of Grady County.[1]  Petitioner appealed, and, except as noted in note 1 below, the Oklahoma Court of Criminal Appeals affirmed Petitioner's convictions on May 26, 2004.  Summary Opinion, Case No. C-2003-

---

[1]The details of Petitioner's convictions are taken from the Summary Opinion Denying Petition for Writ of Certiorari, which he has attached to his petition. Petition, Ex. A (Case No. C-2003-845, Oklahoma Court of Criminal Appeals, May 26, 2004) (the certiorari appeal procedure applicable to appeals from pleas of no contest are part of the direct appeal process under Oklahoma law, see York v. Galetka, 314 F.3d 522, 526 (10th Cir. 2003), and so Petitioner's appeal will be referred to as his "direct appeal" hereinafter). Petitioner's conviction for threatening an act of violence was reversed on appeal to the Oklahoma Court of Criminal Appeals with an instruction to the trial court to dismiss that count.

845, Oklahoma Court of Criminal Appeals (attached to Petition as Exhibit A).  Petitioner did not file any applications for state post-conviction relief.  Petitioner filed this federal habeas action on May 9, 2005, raising four grounds for relief.  Petitioner moved to amend his petition on July 29, 2005, and that unopposed motion was granted on August 19, 2005.  An amended petition adding a fifth ground for relief was filed on September 26, 2005.

In Petitioner's first ground in support of habeas relief, he alleges that his convictions should be vacated because he did not "actually enter" a plea of no contest.  Petition, p. 6.  In his second ground, Petitioner claims that it was error to sentence him as an habitual offender because no prior convictions were alleged or proved.  Petition, p. 8.  In Ground Three, Petitioner claims that his convictions for intimidation of a witness, threatening acts of violence, and assault and battery constitute "double jeopardy and double punishment."  Petition, p. 10.  In Ground Four, Petitioner claims that his conviction for intimidating a witness should be vacated because the act alleged, forcing someone to write a letter, is not an attempt to force a witness to alter her testimony.  Petition, p. 10a.  Petitioner's fifth ground for relief, the claim added by virtue of the amended petition, is that he was denied effective assistance of trial counsel.

I.  PROCEDURAL POSTURE

On July 29, 2005, after the response to the original petition was filed, Petitioner moved to amend his petition to add a fifth ground in support of his claim for habeas relief; that unopposed motion was granted on August 19, 2005. [Doc. Nos. 13, 15].  Petitioner was directed to file his amended petition on or before September 9, 2005. [Doc.

No. 15].  Petitioner did not file his amended petition by that deadline, but on September 26, 2005, moved for leave of Court to file the amended petition out of time. [Doc. Nos. 16, 17].  For good cause shown, leave was granted and an amended petition adding a fifth ground for relief was filed on September 26, 2005. [Doc. No. 18].  Respondent moved to dismiss the amended petition as untimely, and after considering Petitioner's response, it was recommended that the motion be denied on grounds of equitable tolling. [Doc. Nos. 19-22].  Over the objection of the Respondent, that recommendation was adopted by Judge Leonard on March 23, 2006. [Doc. Nos. 25].  Respondent was directed to respond to the merits of the amended petition, and has now done so.  [Doc. Nos. 25, 26]. Petitioner has also filed a reply to the response to the amended petition. [Doc. No. 28].

## II.  STANDARD FOR GRANTING A PETITION FOR A WRIT OF HABEAS CORPUS

For factual and legal issues that have already been adjudicated in state court, the Court may only grant a writ of habeas corpus if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2).

A state court's determination is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or  confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established

Supreme Court precedent if it identifies the correct governing legal principle from the Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Id. at 413; see also Wiggins v. Smith, 539 U.S. 510, 520 (2003).  It is not enough that the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable.  Williams, 529 U.S. at 410-11; Valdez v. Bravo, 373 F.3d 1093, 1096 (10th Cir.), cert. denied, 543 U.S. 1008 (2004).

## III.  BACKGROUND

The following facts are taken from Petitioner's brief on direct appeal.  Response, Ex. A.  On July 10, 2002, Petitioner was charged with first degree burglary, intimidation of a witness, two counts of domestic abuse assault and battery, and threatening an act of violence.  Id. at 1.  After Petitioner announced his intention to plead no contest, the trial court found Petitioner guilty.  Id. at 2.  A sentencing hearing was held in which Valerie Easley and her two daughters testified that they had once lived with Petitioner.  Id. at 2. One of the daughters claimed that Petitioner had committed the offense of rape by instrumentation upon her in January 2002, and that after those charges were made, Ms. Easley and her two daughters moved to Chickasha, Oklahoma.  Id.  The three witnesses testified that on July 8, 2002,[2] Petitioner entered their home, pushed Ms. Easley against a wall and threatened all of them.  Id.  They also testified that Petitioner demanded that Ms. Easley's daughter write a letter saying that he had not molested her, and that when the daughter refused, Petitioner grabbed Ms. Easley by the hair, punched her, and threw

---

[2]Petitioner's brief actually states that this event occurred on July 8, *2003*, but this is obviously a scrivener's error.

her down.  Id.  When one of the daughters threw herself on top of Ms. Easley, Petitioner took the daughter by the arm and threw her off.  Id.

## IV.  DISCUSSION

### A.  GROUND ONE – PETITIONER'S LACK OF AN ORAL PLEA

In Ground One, Petitioner claims that a plea of guilty cannot be assumed from a silent record, and that because he did not orally declare his desire to plead guilty, his plea of no contest should be vacated.  Petition, p. 6.  In its Summary Opinion denying relief on this ground, the Oklahoma Court of Criminal Appeals stated: "we find it clear from the record that Petitioner intended to enter the no contest plea and the trial court cannot be found to have abused its discretion in accepting his plea." Summary Opinion Denying Petition for Writ of Certiorari, p. 2-3, Case No. C-2003-845, Oklahoma Court of Criminal Appeals (May 26, 2004) (attached to Response as Ex. C) (hereinafter "Summary Opinion").

In response to Ground One, Respondent first notes that from the petition the nature of the ground is unclear, but that in Petitioner's appeal he alleged that because he did not speak the words "I plead no contest" orally in open court his sentence should be vacated.  Response, p. 3.  In response to this claim, Respondent notes that the standard set by the United States Supreme Court for determining the validity of guilty pleas is whether the plea was a voluntary and intelligent act of the defendant.  Id. at 4.  He claims that Oklahoma scrupulously follows the federal law in this regard, and did so in Petitioner's case.  Respondent also claims that the Oklahoma Court of Criminal Appeals'

finding that Petitioner's plea was knowing and voluntary was not an unreasonable application of federal law under the facts of Petitioner's case.

"It is beyond dispute that a guilty plea must be both knowing and voluntary. 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Parke v. Raley, 506 U.S. 20, 29 (1992)(quoting North Carolina v. Alford, 400 U.S. 25, 31(1970))(other citations omitted ). "The voluntariness of [a] plea can be determined only by considering all of the relevant circumstances surrounding it." Brady v. United States, 397 U.S. 742, 749 (1970). In a habeas proceeding "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

Although the Respondent did not provide the Court with the entire transcript, it is clear from the portion provided that it was a change of plea proceeding.  Response, Ex. E.  The prosecutor proffered what his evidence would be if the case went to trial, and Petitioner's attorney stipulated that would be the State's evidence if the witnesses were called.  Id.  p. 6.  The parties also presented a written Plea of No Contest Summary of Facts form to the judge.  Response, Ex. F.  The written Plea of No Contest Summary of Facts form signed by Petitioner under oath and filed in the trial court clearly reflects that Petitioner was advised of and understood his rights, and that although his attorney completed the form, Petitioner understood its contents and agreed with the answers.  Response, Ex. F.  Petitioner, at the time forty-five years old with eleven years of education, acknowledged in the form that he understood the nature and consequences of the plea proceeding, the charges against him and the possible range of punishment, the

constitutional rights he was giving up by entering a no contest plea, that he was able to read and understand the form, that he could understand the English language, that he had discussed any applicable defenses with his lawyer, and stated orally and under oath to the trial court that all of the statements made on that form were true and correct. Response, Ex. E; Ex. F.  Question 23 on that form asks what Petitioner's plea is and he answered "No contest."  Response, Ex. F.  The judge asked Petitioner: "Do you agree that all of the statements in your 'plea of no contest' are true and correct?", to which Petitioner replied "Yes, ma'am."  Response, Ex. E. p. 7.  The trial court also inquired of defense counsel, and gave Petitioner an opportunity of his own to address the Court.  Response, Ex. E.  The record shows that Petitioner's plea was entered knowingly and voluntarily, and under these circumstances, the Oklahoma Court of Criminal Appeals' decision is not contrary to, or an unreasonable application of, clearly established Supreme Court decisions regarding the voluntariness of a plea. Accordingly, it is recommended that relief be denied as to Ground One.

## B.  GROUND TWO – SENTENCE ENHANCEMENT, HABITUAL OFFENDER

In Ground Two, Petitioner claims that it was error to sentence him as an habitual offender because prior sentences were neither alleged nor proved, and that his sentences should therefore be modified.  Petition, p. 8.

In ruling on this claim on direct appeal, the Oklahoma Court of Criminal Appeals stated:

> [W]e find that given the record before this Court and the facts of this case, the district court's decision to sentence Petitioner to the maximum on each felony count as a first offender was neither excessive nor improper. However, because the notation in the Judgment and Sentence indicating

that Petitioner was convicted after a former felony conviction is in error, the Judgment and Sentence should be remanded for an Order Nunc Pro Tunc to correct the error.

Summary Opinion,   p. 3.

Respondent claims that the record reflects that there was no enhancement and that Petitioner was sentenced to the maximum sentences for his two felony convictions as a first offender.  Response, p. 8.  Furthermore, Respondent points out that the Oklahoma Court of Criminal Appeals found that Petitioner had not been sentenced under the habitual criminal statute and directed the district court to enter an order nunc pro tunc to correct the judgment and sentence to reflect that fact.  Id.  Thus, Respondent argues, Petitioner has received relief and there is no longer any case and controversy as to this claim.  The undersigned agrees.

Although the Judgment and Sentence Suspended in Part does have the following statement checked: "The Court finds the defendant has ONE (1) prior felony conviction(s) Cleveland County Case, CF-2002-128 and this sentence has been enhanced in accordance with the provisions set forth in, . . . .", the Oklahoma Court of Criminal Appeals found that this was in error and corrected it.  Summary Opinion, p. 3 (Response, Ex. C).  The Court also found that the trial court's decision to sentence Petitioner to the maximum sentence on each felony for a first-time offender was "neither excessive nor improper.[3] Id.  See Okla. Stat. tit. 21, § 1431, 1436 (burglary in the first degree punishable for any

---

[3]Although Petitioner does not appear to claim that his sentence is excessive aside from the habitual offender enhancement issue, the undersigned notes that matters relating to sentencing and service of a sentence generally do not raise issues of federal constitutional concern unless the sentence imposed is wholly unauthorized or exceeds the statutory limits.  Munn v. Ward, No. 98-6207, 1998 WL 764651, *2 (10th Cir. Oct. 28, 1998). In this case, Petitioner's sentences were within the statutory limits and any such claim would fail on the merits.

term not less than seven nor more than twenty years ; Okla. Stat. tit. 21, 455 (person who threatens physical or mental harm through force or fear with intent to alter testimony is guilty of a felony punishable by not less than one year nor more than ten years in the state penitentiary).

Thus, even though the Judgment and Sentence Suspended in Part did erroneously *recite* that Petitioner was being sentenced as a repeat offender, that error was corrected by the Oklahoma Court of Criminal Appeals.  Moreover, the decision of the Oklahoma Court of Criminal Appeals makes it clear that Petitioner was not *in fact* sentenced as a repeat offender, finding his sentence as a first-time offender to be neither excessive nor improper.  Other than the judgment and sentence, the trial court record supports this finding.  See Transcript of proceedings held on April 28, 2003, p. 8, Ex. E to Response ("the defendant is guilty as charged after no prior felony"); Plea of No Contest, Summary of Facts form, pp. 2-4, Ex. F to Response (showing range of punishment for each offense and that no prior felonies were alleged for enhanced purposes).  The United States Supreme Court has held that a habeas petition is moot when it does not present a case or controversy under Article III, Section 2 of the Constitution.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  To satisfy the "case or controversy" requirement, the petitioner must have suffered an actual injury which can "be redressed by a favorable judicial decision." Id. (citation omitted).  Here, there is no controversy.  Petitioner was not sentenced as an habitual offender, and his sentence was not enhanced thereby. Accordingly, it is recommended that relief be denied on Ground Two.

### III. GROUND THREE – DOUBLE JEOPARDY

In Ground Three, Petitioner claims that his convictions for intimidation of a witness, threatening acts of violence, and domestic abuse assault and battery constitute double jeopardy and double punishment, and that all but one of his convictions should be vacated.  Petition, p. 10.  He claims that "[a] single criminal act cannot be split up or subdivided into two or more offenses and prosecuted as such...."  Id.  In ruling on this claim on appeal the Oklahoma Court of Criminal Appeals found that it "does warrant some relief.":

> We find that Petitioner's misdemeanor conviction on Count IV, for threatening an act of violence, was part of the acts which supported his felony conviction on Count I, intimidation of a witness.  Thus, his misdemeanor conviction on Count IV, must be reversed with instructions to dismiss.  His other three convictions arose from separate and distinct acts which, although occurring in close proximity to one another, do not violate either the constitutional prohibition against double jeopardy or the statutory prohibition against double punishment.

Summary Opinion, p. 3-4 (Response, Ex. C).

Respondent contends that Petitioner's claim is moot to the extent he is seeking relief based upon his conviction for threatening acts of violence, as the Oklahoma Court of Criminal Appeals granted relief by reversing with directions to dismiss that charge. Response, p. 10.  With regard to the remainder of Petitioner's claim, Respondent contends that this Court is limited to ensuring that the state courts followed the limits established by the legislature with regard to  multiple punishments, and that those limits were not exceeded in this case.  Id.  at 11-12.

The federal double jeopardy clause prohibits "multiple punishments for the same offense."  Brown v. State of Ohio, 432 U.S. 161, 165 (1977) ( citations omitted).  On

review of habeas claims involving multiple punishment, this Court determines only whether the sentencing court has imposed greater punishment than the legislature intended. Missouri v. Hunter, 459 U.S. 356, 366 (1983).  If the legislature had intended to punish the conduct as distinct offenses, separate sentences would be constitutionally permissible.  See, e.g., Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, 778 (1994).  When the legislative intent is unclear, the Court applies the "same evidence" test. Dennis v. Poppel, 222 F.3d 1245, 1251 (10th Cir. 2000).  "The 'same evidence' test requires [the court] to determine whether [the habeas petitioner's] convictions arising under the same statutory provision are based on offenses containing different or the same factual elements of proof."  Id. (citations omitted).  When two charges involve "distinct and separate elements," the Court can infer that the "Oklahoma legislature [had] intended different offenses and punishments . . . ."  Id. at 1252.  In determining whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, this Court is " bound by a state court's determination of the legislature's intent." Cummings v. Evans, 161 F.3d 610, 615 (10th Cir. 1998) (quoting Birr v. Shillinger, 894 F.2d 1160, 1161 (10th Cir. 1990)); see also Lucero v. Kerby, 133 F.3d 1299, 1316 (10th Cir. 1998) ("In determining whether a defendant's conduct constitutes a single criminal offense or separate criminal offenses for double jeopardy purposes, we defer to the state court's interpretation of the relevant statutory provisions.").

In this case, Respondent was convicted of both intimidating a witness and domestic abuse assault and battery.  In Oklahoma, the elements of the offense of intimidating a witness are:

First, willfully;
Second, causing/threatening/procuring/harassing;
Third, physical/mental harm;
Fourth, through force/fear;
Fifth, to a person;
Sixth, with the intent to make the person alter his testimony.

Oklahoma Uniform Jury Instructions, Crim. 2d, 3-39.  The elements of domestic abuse

assault and battery are:

First, willful;
Second, unlawful;
Third, attempting or offering to use force or violence; and
Fourth, the use of force or violence;
Fifth, against the person of [Specify Applicable Relationship].

Oklahoma Uniform Jury Instructions, Crim. 2d, 4-26A.  The two crimes clearly require

different factual elements of proof; an assault and battery without the intent to intimidate

a witness could never satisfy the essential elements of the first crime, and it is

conceivable that the first statute could be violated without conduct that would satisfy the

essential elements of the second. When the charges involve "distinct and separate

elements" as these do, the intent of the State legislature to impose cumulative

punishments can be inferred.  Dennis, 222 F.3d at 1252.  The undersigned finds that

Petitioner has not overcome the deference this Court affords the Oklahoma Court of

Criminal Appeals' determination of state legislative intent as to whether multiple

punishments were intended and occurred in the instant case.  See Lucero, 133 F.3d at

1316.  Consequently, the Oklahoma Court of Criminal Appeals' rejection of these double

jeopardy claims was not contrary to or an unreasonable application of, clearly established

federal law, and Petitioner is not entitled to habeas relief on Ground Three.

12

## IV.  GROUND FOUR – WHETHER ACTS CONSTITUTING WITNESS INTIMIDATION WERE SHOWN

As his fourth ground for relief, Petitioner contends that "forcing someone to write a letter could have been filed under many different Oklahoma laws, but it is not the same as forcing someone to alter their testimony."  Petition, p. 10a.  He claims, therefore, that his "conviction for intimidating a witness should be vacated and remanded back ... with special instruction to dismiss this case."  Id.  In considering this claim, the Oklahoma Court of Criminal Appeals stated that the "factual basis stated in the Summary of Facts form which was read into the record and attested to by Petitioner provides sufficient evidence to support Petitioner's conviction for intimidation of a witness."  Summary Opinion, p. 4 (Response, Ex. C).

Respondent contends Petitioner's claim fails because a factual basis for his no contest plea is not constitutionally required.  Response, p. 13.  Moreover, though not constitutionally required, Respondent argues that the Plea of No Contest Summary of Facts form completed by Petitioner sets forth a factual basis for the crime of intimidating a witness, as well as for the other crimes with which he was charged.  Id. at 14.  The undersigned agrees.

 "[C]ontrolling federal case law teaches that the requirement of a factual basis for a guilty plea is not rooted in the federal Constitution; therefore, it is not redressable under 28 U.S.C. § 2254."  Berget v. Gibson, No. 98-6381, 1999 WL 586986, at *5 (10th Cir. Aug. 5, 1999)[4] (citing Freeman v. Page, 443 F.2d 493, 497 (10th Cir. 1971)); see also Sena v.

---

[4]This and any other unpublished decision is cited solely for its persuasive value in accordance with Tenth Circuit Rule 36.3.

Romero, 617 F.2d 579, 581 (10th Cir. 1980) ("[Petitioner's] contention that the absence of a record showing of a factual basis for his plea is an independent ground for invalidating the plea, is without merit.").  Even if such a requirement did exist, however, it would in all probability be met in this case.  In the Plea of No Contest Summary of Facts form, the following appears in answer to the question "State the factual basis for your plea(s).": "I understand that Valerie (Ms. Easley) and (her daughter) will testify that I broke into their house without permission & while they were there & threatened (her daughter) that I would kill them if she didn't write a statement saying she lied in Cleveland County."  Response, Ex. F (Plea of Contest Summary Facts, Question No. 24.).  As noted earlier, the elements of intimidation of a witness are:

> First, willfully;
> Second, causing/threatening/procuring/harassing;
> Third, physical/mental harm;
> Fourth, through force/fear;
> Fifth, to a person;
> Sixth, with the intent to make the person alter his testimony.

Oklahoma Uniform Jury Instructions, Crim. 2d, 3-39.   Plaintiff's description of his behavior on the Summary of Facts form tracks these elements.  It is recommended that relief be denied as to Ground Four.

### E.  GROUND FIVE – INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Finally, Petitioner claims that he was denied effective assistance of trial counsel in that "evidence will [be] pointed out that the chief prosecution witness being a jealous wife and fabricate these criminal charges against this petitioner and use her law enforcement background in influencing others to believe her jealous boy-friend story."  Amendment to Petition, p. 1-2.  The Oklahoma Court of Criminal Appeals simply rejected

Petitioner's ineffective assistance of counsel claim without elaboration. Summary Opinion, p. 4.

Respondent states that the apparent basis of Petitioner's claim is that trial counsel did not raise three issues in the motion to withdraw his guilty plea: Petitioner's failure to verbally state his plea; the issue of double jeopardy; and the insufficient factual basis for the intimidation of a witness charge. Response to Amended Petition, p. 2. Petitioner concedes in his reply that these do indeed form the basis of his ineffective assistance of trial counsel claim. Petitioner's Reply to Response to Amended Petition, p. 2. Thus, Respondent contends, because Petitioner's underlying claims regarding these issues are without merit, his claim of ineffective assistance of trial counsel for failing to raise them in the motion to withdraw the plea must also fail. Response to Amended Petition, p. 4. The undersigned agrees.

In recent years, the Supreme Court has reiterated the legal principles governing claims of ineffective assistance of counsel first set forth in <u>Strickland</u>:

> We established the legal principles that govern claims of ineffective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." We have declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms."

<u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003) (quoting <u>Strickland</u>) (internal citations omitted). To be constitutionally deficient, counsel's performance must have been completely unreasonable, not merely wrong. <u>Hoxsie v. Kerby</u>, 108 F.3d 1239, 1246 (10th

Cir. 1997).   Additionally, Petitioner must overcome the presumption that, under the circumstances, the challenged representation "might be considered sound trial strategy." Strickland, 466 U.S. at 689.

To establish prejudice under the Strickland standard, a "'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  Wiggins, 539 U.S. at 534 (quoting Strickland).   There is no reason to address both components of the Strickland inquiry if a petitioner makes an insufficient showing on one, and thus "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  Strickland, 466 U.S. at 697.

In this case, there is no reasonable probability that the outcome would have been different had counsel included any or all of these claims in his motion to withdraw the plea of no contest. First, the Oklahoma Court of Criminal Appeals found Petitioner's intent to plead no contest clear from the record and that the trial court did not abuse its discretion in accepting the plea.  Summary Opinion, p. 2-3.  Second, the Court found that the factual basis stated in the Plea of No Contest Summary of Facts form provided sufficient evidence to support Petitioner's conviction for intimidation of a witness.  Id. at 4.   Third, the Court found that Petitioner's convictions for first degree burglary, domestic abuse assault and battery, and intimidation of a witness arose from separate and distinct acts so that his conviction on all three did not violate the constitutional prohibition against double jeopardy or Oklahoma's statute prohibiting double

punishment. Summary Opinion, p. 3-4.  Thus, even if trial counsel would have included these claims in his motion to withdraw Petitioner's plea of no contest, there is no reasonable probability that the same trial court that took the plea would have allowed its withdrawal on such non-meritorious bases.

Petitioner cannot make a sufficient showing of prejudice on his double jeopardy/double punishment claim relating to the conviction for threatening an act of violence to justify relief because the Oklahoma Court of Criminal Appeals reversed that conviction with instructions to dismiss the charge.  Summary Opinion, p. 3. In light of the foregoing, it is recommended that relief be denied on Ground Five.

## RECOMMENDATION

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus, as amended, be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before June 1, 2006 in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. He is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 12th day of May, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

17