IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURTIS R. FOOTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-05-511-L |
| | ) | |
| RON WARD, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. §2254 seeking a writ of habeas corpus.  This matter is before the court for review of the Report and Recommendation entered by United States Magistrate Judge Doyle W. Argo on May 12, 2006, in which he recommended that the petition be denied.

After obtaining an extension of time, petitioner timely filed his Objection to Magistrate's Report and Recommendation, which the court has carefully reviewed.  Upon careful consideration, however, the court concludes that petitioner's objections are insufficient to overturn the conclusions of the Magistrate Judge, which are well supported by the record and controlling authorities.

Noting the appropriate standard for granting a petition for a writ of habeas corpus, the Magistrate Judge properly found that the Oklahoma Court of Criminal Appeals' (OCCA's) finding that petitioner's plea was knowing and voluntary was

not contrary to, or an unreasonable application of, clearly established Supreme Court decisions regarding the voluntariness of a plea.  As for petitioner's second alleged basis for relief, the Magistrate Judge properly found that petitioner has received relief, thus there is no longer any case or controversy as to this claim.  As for the third alleged grounds for relief, *i.e.*, double jeopardy, the court rejects petitioner's argument that the OCCA failed to make a determination of the legislature's intent as to whether multiple punishments were intended.  The OCCA said that the pertinent convictions arose from separate and distinct acts.  As noted by the Magistrate Judge, when charges involve distinct and separate elements, the intent of the legislature to impose cumulative punishments can be inferred.  Report and Recommendation, p. 12.

Although not constitutionally required, the Magistrate Judge found that acts constituting witness intimidation were shown in connection with petitioner's plea.  Thus, the Magistrate Judge properly recommended that relief be denied as to ground four.  Regarding petitioner's fifth ground for relief, the Magistrate Judge was correct in finding that because petitioner's underlying claims are without merit, his claim of ineffective assistance of counsel for failing to raise them must also fail.  Counsel's failure to raise a meritless issue is not constitutionally ineffective assistance of counsel.  See United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995).

Accordingly, upon *de novo* review of this matter, the court finds that the Report and Recommendation of the Magistrate Judge should be and is hereby adopted in its entirety. **The petition for writ of habeas corpus, as amended, filed pursuant to 28 U.S.C. § 2254 is DENIED. This action is DISMISSED.**

It is so ordered this 28th day of June, 2006.

*Tim Leonard*
TIM LEONARD
United States District Judge